Paul H. Schafhauser (PHS-1337)
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, New Jersey 07102
(973) 274-2000
Attorneys for Defendant
Jocama Construction Corporation

**DOCUMENT ELECTRONICALLY FILED**
**ORAL ARGUMENT REQUESTED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------- x
TRANSCONTINENTAL INSURANCE       :   Case No. 06-cv-03358 (FLW)
COMPANY,                         :
                                 :
        Plaintiff,               :
                                 :
    - against -                  :
                                 :
JOCAMA CONSTRUCTION              :
CORPORATION and AMHERST MEWS     :
HOMEOWNERS ASSOCIATION, INC.,    :
                                 :
        Defendants.              :
                                 :
------------------------------- x

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY PROCEEDINGS**

---

HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 274-2000
Facsimile: (973) 274-2500
Attorneys for Defendant Jocama
Construction Corporation

HF 3490332v.2 #05755/0006 02/15/2007 04:33 PM

## TABLE OF CONTENTS

**Page No.**

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY.................................3

LEGAL ARGUMENT..................................................................................................7

    THE COURT SHOULD DISMISS THIS ACTION
    OR, ALTERNATIVELY, STAY THIS ACTION PENDING
    THE DISPOSITION OF THE AMHERST MEWS ACTION .....................7

CONCLUSION............................................................................................................11

# TABLE OF AUTHORITIES

## FEDERAL CASES

Atlantic Mutual Ins. Co. v. Gula, 84 Fed. Appx. 173 (3d Cir. 2003) ................................................. 8

Brillhart v. Excess Insurance Co. of America, 316 U.S. 491, 62 S.Ct. 1173 (1942) ...................... 7

Franklin Commons East Partnership v. Abex Corp., 997 F. Supp. 585 (D.N.J. 1998) ................... 2

Nationwide Mutual Insurance Co. v. Lowe, 95 F.Supp.2d 274 (E.D. Pa. 2000) ............................ 9

Public Serv. Commission of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236 (1952) .................. 7

State Automobile Insurance Companies v. Summy, 234 F.3d 131 (3d Cir. 2000) ................. 2, 8, 9

United States v. Commonwealth of Pennsylvania, Department of
   Environmental Resources, 923 F.2d 1071 (3d Cir. 1991) ......................................................... 8

Wilton v. Seven Falls Co., 515 U.S. 277, 132 L.Ed.2d 214, 115 S. Ct. 2137 (1995) ................. 2, 7

## STATE CASES

Rova Farms Resort, Inc. v. Investors Insurance Co. of America, 65 N.J. 474 (1974) .................... 9

## FEDERAL STATUTES

Declaratory Judgment Act, 28 U.S.C. § 2201 ................................................................................ 6

**PRELIMINARY STATEMENT**

In this action, plaintiff Transcontinental Insurance Company ("Transcontinental") is seeking a declaration that it is not obligated to provide a defense and/or indemnity for defendant Jocama Construction Corporation ("Jocama") in connection with an underlying action entitled *Amherst Mews Homeowners Association, Inc. v. The Hills Development Co., et al.*, Docket No. SOM-L-1731-03, New Jersey Superior Court, Law Division, Somerset County (the "*Amherst Mews* Action"). Despite the fact that the *Amherst Mews* Action has been pending in New Jersey State Court since 2003, Transcontinental chose to wait nearly three years before seeking a declaration from this Court as to its contractual obligations to Jocama to provide coverage under the insurance polices at issue. The *Amherst Mews* Action, however, remains unresolved. In fact, substantial fact discovery remains to be conducted, expert discovery also remains incomplete, and a mediation has been scheduled in the *Amherst Mews* Action.

The underlying factual questions in this action and the *Amherst Mews* Action relate to the same circumstances and allegations. Thus, for Jocama to properly respond to Transcontinental's discovery requests (many of which are objectionable on alternative grounds) and to proceed with other discovery that would be necessary in this case, Jocama would be required to duplicate a mountain of discovery that has been conducted, and that remains to be conducted, in the *Amherst Mews* Action. Such a needless expenditure of resources would be both inefficient and inappropriate. Moreover, further proceedings in this action would cause substantial prejudice to Jocama, which is faced with a prospect of having an insurer at once purport to provide a "defense," while simultaneously seeking to disavow its obligations in this Court.

Where, as here, an underlying lawsuit is pending which involves the same matters as to which an insurer seeks federal declaratory relief, courts exercise their discretion under the

1

## STATEMENT OF FACTS AND PROCEDURAL HISTORY[1]

On or about December 9, 2003, Amherst Mews Homeowners Association, Inc. ("Amherst Mews") commenced an action in the Superior Court of New Jersey, Law Division, Somerset County, entitled *Amherst Mews Homeowners Association, Inc. v. The Hills Development Co., et al.* (previously and hereinafter referred to as the "*Amherst Mews* Action"). In the *Amherst Mews* Action, Amherst Mews has asserted numerous claims arising out of the construction of the Amherst Mews Development located in Basking Ridge, New Jersey against not only Jocama, but also against numerous additional parties, including the developer, general contractor, subcontractors and material suppliers in connection with the work performed by these parties. Pursuant to its contract with Hills Development Company, Jocama had performed various masonry work from approximately April 1997 to June 1999. See Tambascia Decl., ¶ 2 and Exhibit A thereto.

During the course of the *Amherst Mews* Action, numerous claims and allegations have been made against Jocama for negligent construction, consequential damages and damage to other elements of Amherst Mews. These claims have been asserted by Amherst Mews in its: a) pleadings; b) expert reports; c) deposition testimony of its witnesses; and d) allegations of its counsel on the record. See Tambascia Decl., ¶ 3.

Recently, Jocama submitted a proposed third-party complaint against the individual Board members of the Amherst Mews Homeowners Association for their malfeasance. The proposed third-party complaint is awaiting the approval of The Honorable Alvin Weiss, J.S.C. (Ret.), Special Master. See Tambascia Decl., ¶ 4.

---

[1] The facts set forth herein are more fully set forth in the accompanying Declaration of John J. Tambascia, Jr. (the "Tambascia Decl.").

Due to the complexity, scope and breadth of the claims in the *Amherst Mews* Action, and also as a result of the number of parties involved, a special discovery master was appointed to oversee and manage discovery in the case. Judge Alvin Weiss, retired, has been presiding over discovery since December 2005. See Tambascia Decl., ¶ 5 and Exhibit B thereto.

On or about September 28, 2006, Judge Weiss issued an Order setting forth a discovery schedule. See Tambascia Decl., ¶ 6 and Exhibit C thereto. Pursuant to this schedule, all fact discovery is to be completed by March 30, 2007, plaintiff's expert reports were due by May 31, 2007, all defendant expert reports are to be served by July 31, 2007 and all expert depositions are to be completed by October 28, 2007. Recently, several of the defendants filed an application to extend all discovery deadlines for an additional six months. See Tambascia Decl., ¶ 6.

To date, the parties in the *Amherst Mews* Action have conducted approximately twenty-two depositions, each lasting an average of one to three days. It is anticipated that approximately forty additional fact witnesses and an additional six pre-litigation expert witnesses of Amherst Mews still need to be deposed. Furthermore, the parties anticipate conducting depositions of approximately seventeen expert witnesses. See Tambascia Decl., ¶ 7.

With regard to paper discovery in the *Amherst Mews* Action, four document repositories have been established to store the documents produced by the parties, the smallest of which has approximately 50,000 pages and the largest of which houses approximately 15 million pages. See Tambascia Decl., ¶ 8.

Mediation has been scheduled for the Spring of 2007, and both Jocama and counsel for Amherst Mews are optimistic that a settlement can be reached with regard to the claims against Jocama (which, in reality, only constitute a small fraction of total damages alleged in the *Amherst Mews* Action). See Tambascia Decl., ¶ 9.

Concerning the underlying case, Amherst Mews' counsel has made the following allegations against Jocama:

- 8 Springfield – Walkway causing erosion due to improper pitch;
- 7 Springfield – Pitch in Driveway apron causing erosion during storms; Broken sprinkler with leak near driveway;
- 23 Benedict – Curb heaving causing damage to road;
- 40 Dickinson – Walkway causing sink holes due to improper pitch;
- 36 Dickinson – Erosion of dirt around steps due to improper pitch;
- 1 Barton – Damaged drain near driveway due to improper curb installation;
- 10 Benedict – Storm drain collapse caused by sidewalk installation;
- 34 Benedict – Low spot along driveway apron to be filled with topsoil and seed;
- Entire Community – Curb and common sidewalk need top soil due to improper pitch of sidewalks;
- Entire Community – Damage to sprinkler system during concrete installation;
- 18 Benedict – Crack in concrete not to be repaired per Jim Alles as it is a safety hazard due to recent freezing weather that has caused a section to rise by 2" sidewalk needs to be replaced;
- 04/27/05 Board Meeting – Reported that damage was caused by the snow plow contractor as a consequence their use of too much salt;
- 04/24/01 Report of hole in road near driveway apron of 16 Hadley;
- 10/03/01 Report of depression in road near driveway apron of 27 Amherst;
- A settlement demand in the range of some $300,000.00; and
- Amherst Mews' counsel has contended that some $30,000.00 to $40,000.00 consist of consequential damages as a consequence of Jocama's work at the project.

Tambascia Decl., ¶ 10.

The exchange of paper discovery in this matter was originally scheduled to close by March 1, 2006. Depositions were initially scheduled to run through September of 2006. Due to Amherst Mews' concealment of a years' worth of documents from the defendants (estimated to be some 40,000 pages consisting of reports, meeting minutes, correspondence and investigative materials) and the fact the Amherst Mews may have attempted to conceal repairs and the recovery of funds from collateral sources only recently discovered, the previous 22 depositions will have to be re-conducted. See Tambascia Decl., ¶ 11.

In effect, the nature of the underlying case has changed. As a consequence, Jocama, the Hills Defendants (Lead Developer Defendants), R&R Construction and Frank Serina Paving

have asked (with the consent of the other defendants in the case) for an extension of the discovery deadline. No firm trial date has been set in the *Amherst Mews* Action. See Tambascia Decl., ¶ 12.

Despite the fact that the *Amherst Mews* Action remains hotly contested, Transcontinental has filed the instant action against Jocama and Amherst Mews. In this action, Transcontinental seeks, among other things, a declaration that "it has no obligation to provide a defense or indemnity to Jocama with respect to the *Amherst Mews* Action." See Complaint dated July 25, 2006, a copy of which is attached as Exhibit A to the Declaration of Paul H. Schafhauser submitted herewith ("Schafhauser Decl."), ¶ 2.

Transcontinental filed the instant action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a). Except for the Declaratory Judgment Act, no federal questions are implicated in this case. Instead, Transcontinental has cited diversity jurisdiction as the basis for jurisdiction in this case. See Complaint, Exhibit A to the Schafhauser Decl., ¶¶ 5-7.

Transcontinental concedes, as it must, that the *Amherst Mews* Action remains pending in the Superior Court of New Jersey. See Complaint, Exhibit A to the Schafhauser Decl., ¶¶ 14-16. If, however, Jocama were required to proceed with this vexatious and duplicative litigation, Jocama would be severely prejudiced. In this action, Transcontinental would be seeking to demonstrate that Jocama is guilty of "defective workmanship," albeit allegedly not of the kind covered by Transcontinental's insurance policies issued to Jocama. See id. at ¶¶ 14, 23. At the same time, Jocama would continue to face liability in the underlying lawsuit, and the parties and the courts would needlessly duplicate their efforts and waste their resources.

In light of the foregoing facts, the Court should dismiss this action or, alternatively, stay this action pending the disposition of the *Amherst Mews* Action.

6

## LEGAL ARGUMENT

## THE COURT SHOULD DISMISS THIS ACTION OR, ALTERNATIVELY, STAY THIS ACTION PENDING THE DISPOSITION OF THE *AMHERST MEWS* ACTION

A district court has substantial latitude and broad discretion in deciding whether to hear and decide a declaratory judgment action while parallel state court proceedings are pending. See Wilton v. Seven Falls Co., 515 U.S. 277, 286-88, 115 S. Ct. 2137 (1995). In interpreting and applying the Declaratory Judgment Act, the Court found that "the statute's textual commitment to discretion, and the breadth of leeway . . . [have] distinguish[ed] the declaratory judgment context from other areas of the law in which concepts of discretion surface." Wilton, 515 U.S. at 286-87. As such, "the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power." Id. (quoting Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 243, 73 S. Ct. 236 (1952). Thus, the Declaratory Judgment Act "confers a discretion on the courts rather than an absolute right upon the litigant." Wilton, 515 U.S. at 287.

Where, as here, "a District Court is presented with a claim [for a declaratory judgment], it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495, 62 S. Ct. 1173 (1942). When the issues raised in the declaratory judgment action are already at issue in an action in state court, "it would be uneconomical as well as vexatious" for a federal court to proceed with the action pending before it. Id.

Moreover, the United States Court of Appeals for the Third Circuit has noted that the following considerations should be weighed in determining whether to allow a declaratory judgment action involving insurance coverage issues to proceed:

1. A general policy of restraint when the same issues are pending in a state court;

2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; and

3. Avoidance of duplicative litigation.

State Auto Ins. Companies v. Summy, 234 F.3d 131, 134 (3d Cir. 2000) (citing United States v. Commonwealth of Pennsylvania, Department of Environmental Resources, 923 F.2d 1071, 1075-76 (3d Cir. 1991). See also Atlantic Mutual Ins. Co. v. Gula, 84 Fed. Appx. 173, 174-75 (3d Cir. 2003) (discussing and weighing the same considerations and, upon doing so, granting insured's motion to dismiss declaratory judgment action). All three of these factors weigh in favor of a dismissal or stay of this action pending the resolution of the *Amherst Mews* Action.

No federal questions are implicated in this case. Instead, Transcontinental has cited diversity jurisdiction as the basis for jurisdiction. See Complaint, Exhibit A to the Schafhauser Decl., ¶¶ 5-7. Thus, the underlying dispute involves purely questions of state law. The *Amherst Mews* Action remains pending in state court. There is no need for this Court to impinge upon state law matters that remain hotly contested in state court. See Summy, 234 F.3d at 136 ("The desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum").

Furthermore, Jocama would be severely prejudiced if it were required to proceed with this action while the underlying action remains pending. In seeking a declaration that it is not obligated to provide a defense or indemnity to Jocama in the *Amherst Mews* Action,

8

Transcontinental alleges that the allegations against Jocama in the *Amherst Mews* Action fall within the exclusionary provisions of its insurance contracts. Specifically, Transcontinental alleges that Jocama is guilty of "defective workmanship," albeit allegedly not of the kind covered by Transcontinental's insurance policies issued to Jocama. See Complaint, Exhibit A to the Schafhauser Decl., ¶¶ 14, 23. The litigants in the underlying lawsuit might seek discovery (or simply avail themselves of access to the public record) regarding the assertions between the parties in this case -- thus potentially leading to Transcontinental's allegations and disclosures in this lawsuit being put to use **against** Jocama in an underlying lawsuit in which Transcontinental is purportedly providing Jocama with a "defense." See Nationwide Mut. Ins. Co. v. Lowe, 95 F.Supp.2d 274, 276-77 (E.D. Pa. 2000) (abstaining in federal action even though insurer not named in state action, as deciding the insurance coverage issues raised in federal court would affect, and thus interfere with, the resolution of the underlying state court issues). The inherent conflict that Transcontinental has created by simultaneously filing this suit, while purportedly providing a "defense" in the state court action, weighs heavily in favor of dismissal or a stay. See Summy, 234 F.3d at 134 (there is "an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion"); cf. Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474 (1974) (recognizing generally the inherent conflict between the best interests of the insurer and the insured).

Moreover, further proceedings in this action would entail an enormous waste of resources and duplication of litigation. To date, the parties in the *Amherst Mews* Action have conducted approximately twenty-two depositions, each lasting an average of one to three days. It is anticipated that approximately forty additional fact witnesses and an additional six pre-litigation

expert witnesses of Amherst Mews still need to be deposed. Furthermore, the parties anticipate conducting depositions of approximately seventeen expert witnesses. See Tambascia Decl., ¶ 7. With regard to paper discovery in the *Amherst Mews* Action, four document repositories have been established to store the documents produced by the parties, the smallest of which has approximately 50,000 pages and the largest of which houses approximately 15 million pages. See Tambascia Decl., ¶ 8. To say the least, it would be an enormous waste of resources to require the parties to duplicate such discovery in this case while substantial discovery remains to be conducted in the underlying action.

At the very least, this declaratory relief action is premature and not ripe for adjudication. To determine whether the allegations against Jocama in the *Amherst Mews* Action are covered by the terms of Jocama's insurance contracts with Transcontinental, all parties must have the benefit of full discovery in the *Amherst Mews* Action. Such discovery, however, remains far from complete. Moreover, the possibility that Jocama and Amherst Mews may reach a settlement during upcoming mediation further underscores that this action is, at best, premature. In all events, the interests of judicial economy do not favor adjudicating the issue of Transcontinental's duty to insure Jocama in this forum and at this time.

For all of these reasons, the Court should dismiss or, alternatively, stay this action pending the disposition of the *Amherst Mews* Action.

## **CONCLUSION**

For the reasons set forth above, the Court should dismiss this action or, alternatively, stay this action pending the disposition of the *Amherst Mews* Action.

HERRICK, FEINSTEIN LLP
Attorneys for Defendant Jocama Construction
Corporation

By: _____
     Paul H. Schafhauser

Dated: February 15, 2007